UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH MELVIN COCHRAN,

              Plaintiff,

-against-

THE STATE OF PHILADELPHIA COURTS; MY JUDGE IN PHILADELPHIA'S COURT; NORRISTOWN STATE HOSPITAL MENTAL HEALTH FORENSIC,

              Defendants.

21-CV-7353 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently housed in Bellevue Hospital, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in connection with his criminal proceedings that occurred in Pennsylvania. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Pennsylvania.

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

    Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that in 2017, the "P.A. court system illegally found [him] guilty" of burglary, after which he was declared "mentally unfit" and hospitalized in the Norristown State Hospital. (ECF 2 ¶ V.) It also appears that Plaintiff was at some point detained in "Philadelphia's (DC) Deten[t]ion Center." (*Id.*) According to Plaintiff, after more than four years, the charges against him were "dropped," and he seeks $ 8 million in damages. (*Id.* ¶ VI.) Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b). Plaintiff's claims arose in Norristown, Pennsylvania, which is located in Montgomery County, and in Philadelphia, Pennsylvania, which is located in Philadelphia County, both of which are located in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Venue thus lies in the Eastern District of Pennsylvania, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of Pennsylvania, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

---

[1] Plaintiff did not submit a prisoner authorization.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 7, 2021
        New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                        Chief United States District Judge